FRANS. H. WELMAN VS. POLHILL, GUERARD AND POLHILL.

Service of petition and process on agent of defendant is null and void, under the law of Georgia. Where the service of process is null and void, appearance and plea to merits will not cure it. And objection may be taken to such process *at any time.*

### By CHARLTON, Judge.

IN this case, service of petition and process was effected by leaving a copy of the writ and process with the agents of two of the defendants, *Peter Guerard* and *Thomas Polhill.* The service on *James Polhill,* a co-defendant, is admitted to be good.

In October term, 1821, *Wayne* and *Cuyler* subscribing themselves attorneys for *P. Guerard* and *Thos. Polhill,* filed the general issue for these defendants, and no plea has been filed for *James Polhill.* The objection now taken by attorneys substituted for *Wayne* and *Cuyler,* is, that notwithstanding the plea of the general issue, it is still competent for them to move to set aside this service upon the ground that it is violative of the Judicial Act, which requires that service should be effected by " delivering a copy of such petition and process to the defendant or defendants, or leaving such copy at his, her, or their most notorious place or places of residence ;" and the Judicial Act declares, that, " all process issued or returned in any other manner than that herein before directed, shall be, and the same is hereby declared to be *null and void.*"

Mr. *Gamble,* on the other side contends, that the objection, admitting it to be a substantial one, comes too late ; for that all irregularities are cured by appearance, and a *fortiori* by pleading. (2 *Cr.* 496.  7 *John's* Rep. 209.  3 *Hen.* & *Mun.* 309.)

I do not intend to disturb the doctrine contained in these cases, because I do not conceive their applicability.  Simple irregu-

larity is not complained of in this case, but a defect which " viti-ates the proceedings *in toto :*"—and the distinction is, that objec-tions, " or applications to set aside proceedings for irregularity should be made the first opportunity that the party has to bring his complaint before the Court, and before the party committing the error has taken any further step in the cause." (2 *Taunton* 242. 1 *Sellon,* Am. Ed. 102 :)—but if the defect vitiates the pro-ceedings, the defendant may *at any time,* apply to set aside the proceedings—for it is as no process—And. 16. *Sellon* 101. When the affidavit of personal service was defective, proceedings set aside, though the defendant *was in execution—Ibid.*

In this case there is not that irregularity in the mesne process, which is cured by appearance according to the authorities cited. It is a defect which renders process issued and returned " null and void." Obeying the mandate, therefore, of our judicial sys-tem, supported as the distinction is by the authorities referred to, the objection is not too late, and this service not being in con-formity to the Judicial Act of Georgia, without which, it cannot be operative, and is so far vitiated with or without appearance or consent of defendant, as to be declared " null and void," I am of the opinion that the service ought to be, and is accordingly hereby set aside.

Service set aside.

R. L. GAMBLE, for plaintiff—WAYNE & CUYLER, for T. Pol-hill and P. Guerard, defendants.